Filed
6/18/2015 1:02:11 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2015CVF002129D3

CAUSE NO. _____

| | | |
|---|---|---|
| DORA MORENO RAMOS,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| STATE AUTO INSURANCE<br>COMPANIES<br>Defendant. | §<br>§<br>§<br>§ | WEBB COUNTY, TEXAS,<br><br>\_\_\_\_ TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dora Moreno Ramos, ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Auto Insurance Companies ("State Auto") or ("Defendant") for causes of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Dora Moreno Ramos is an individual residing in Webb County, Texas.

3. Defendant State Auto is a domestic insurance company engaged in the business of insurance in Texas. The causes of action asserted arose from or are connected with purposeful acts committed by State Auto. Defendant State Auto may be served by its



registered agent for service, State Automobile Mutual ETC, 518 E Broad Street, Columbus, OH 43215-3901.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant State Auto because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Auto.

8. Plaintiff owns the insured property, which is specifically located at 4332 Exodus Drive, Laredo, Texas, in Webb County (hereinafter referred to as "the Property").

9. State Auto sold the Policy insuring the Property to Plaintiff.

10. On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during

the storm. Water intruded through the storm-created opening in the roof, and damaged the interior of the home as well, damaging, at the least, the ceilings, walls, and fixtures of the master bedroom. Plaintiff's home also sustained wind and/or hail damage during the storm, including but not limited to damage to the fascia, soffits, wood siding, and fencing.

11. Plaintiff submitted a claim to State Auto against the Policy as referenced in paragraph 9 above, for Roof Damage, Interior Damage, and Exterior Damage the Property sustained as a result of the hail storm and/or windstorm.

12. Plaintiff asked that State Auto cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof, roofing components, repair of the exterior damage to the Property, and repair of the interior water damage, pursuant to the Policy.

13. Defendant State Auto assigned adjuster Adolph Ware to adjust the claim. This adjuster was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. Specifically, the adjuster conducted a substandard inspection of Plaintiff's property. The inadequacy of the adjuster's inspection is evidenced by his report, which failed to include the majority of Plaintiff's damages. Ultimately, State Auto's estimate did not allow adequate funds to cover the cost of repairs for the majority of the damages sustained. This inadequate investigation was relied upon by State Auto in this action and resulted in Plaintiff's claim being improperly denied.

14. Defendant State Auto failed to adequately train and supervise the adjuster resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, State Auto failed to thoroughly review and properly oversee the work of the adjuster, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further

described herein, Plaintiff's claims were improperly denied causing them to suffer damages.

15. Defendant State Auto set about to deny and/or underpay on properly covered damages. Defendant State Auto misrepresented to Plaintiff that the adjuster's estimate included all of Plaintiff's properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and failed to allow for any amounts to cover the cost of repairs to Plaintiff's Property. Defendant State Auto failed to provide any coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying payment on Plaintiff's claim. As a result of this Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has been severely underpaid and suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair her Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive sufficient payment that she is entitled to under the Policy.

16. As detailed in the paragraphs below, State Auto wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Auto undervalued some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

17. To date, State Auto continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18. Defendant State Auto failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay any proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. State Auto's conduct constitutes a breach of the insurance contract between State Auto and Plaintiff.

19. Defendant State Auto misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant State Auto's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20. Defendant State Auto failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. State Auto's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21. Defendant State Auto failed to explain to Plaintiff the reasons for its denial of Plaintiff's claim. Specifically, State Auto failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, State Auto did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The conduct of State Auto is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22. Defendant State Auto failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Auto. The conduct of

State Auto constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23. Defendant State Auto refused to fully compensate Plaintiff, under the terms of the Policy, even though State Auto failed to conduct a reasonable investigation. Specifically, State Auto performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of State Auto constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24. Defendant State Auto failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25. Defendant State Auto failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26. Defendant State Auto failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment

for their claim. State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27. From and after the time Plaintiff's claim was presented to Defendant State Auto, the liability of State Auto to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Auto has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Auto's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28. Defendant State Auto knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29. As a result of Defendant State Auto's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## CAUSES OF ACTION:

30. Defendant State Auto is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

31. Defendant State Auto's conduct constitutes a breach of the insurance contract made between State Auto and Plaintiff.

32. Defendant State Auto's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under

the laws of the State of Texas, constitutes a breach of State Auto's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Defendant State Auto's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant State Auto's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Auto's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35. Defendant State Auto's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36. Defendant State Auto's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

37. Defendant State Auto's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

38. Defendant State Auto's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

39. Defendant State Auto's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

40. Defendant State Auto's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

41. Defendant State Auto's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

42. As referenced and described above, and further conduct throughout this litigation and lawsuit, Ware is an agent of State Auto based on his acts during the handling of this claim. TEX. INS. CODE §4001.051.

43. Separately, and/or in the alternative, as referenced and described above, State Auto ratified the actions and conduct of Ware, including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44. Defendant State Auto's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

45. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and State Auto's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that State Auto, like other insurers, controls entirely the evaluation, processing and denial of claims.

46. By not inspecting the property for any of the claimed covered damages, State Auto and its adjuster did not inspect and evaluate Plaintiff's home as if it were their own home. State Auto's investigation and evaluation was not reasonable, thus, there is no reasonable basis for withholding payment for Plaintiff's covered damages. State Auto's overall conduct in handling Plaintiff's claim was not reasonable.

47. Defendant State Auto's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Auto, through its agent knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

48. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

49. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

50. As previously mentioned, the damages caused by the May 9, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant State Auto's mishandling of Plaintiff's claim in violation of the laws set forth above.

51. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

52. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

53. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

54. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

55. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

56. Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant State Auto, disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

**By:** */s/ Brandon Morris*
Brandon D. Morris
State Bar of Texas Number: 24092860
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534
E-mail: brandon@simplyjustice.com
***ATTORNEY FOR PLAINTIFF***
***DORA MORENO RAMOS***